JOHN BLANDIN & SAMUEL STEBBINS, heirs-of JOHN BLANDIN, deceased, appellants, *v.* SALLY BLANDIN, Executrix of the will of J. BLANDIN deceased, appellee.

The purchase, after the execution of a will, of land, which would be included in the general description of the land devised by the will, is no revocation of the will, in whole or in part.

This was an appeal from a decree of the Probate Court, approving the will of John Blandin, deceased. The case will appear from the opinion of the Court, delivered by

COLLAMER, J. The last will and testament of Blandin devises his whole home farm. It gives the use of it to the widow, to support her and the two youngest sons, until they become of age, and then one half to be disposed of in paying certain pecuniary legacies to other children, including John, the present appellant, and the other half for the two youngest sons.

Among several pleas, now filed by the appellants, showing why said will ought not to be approved, the third alleged, in substance, as follows: That, at the time of the making of said will, the fee of one half of said farm, was in John Blandin, Jr., who afterwards conveyed the same to the testator, and the plea concludes, that, thereby, the will was revoked. To this plea there is a demurrer and joinder.

In the case of *Graves and Others* v. *Sheldon,* 2 D. Chip. R. 71., the doctrine of implied revocations, or revocations at law, is examined by the court, and this conclusion deduced; that, in this state, and under our statute, no will can be revoked, in whole or in part, but in the way pointed out by the statute, except from the necessity of the case. That is, when the testator has aliened the devised estate, and there is nothing for it to operate upon, in so far, it is revoked.

In the present case, the devisor sold some of the land devised, and it is obvious that, in purchasing more land, no *necessity* arises for revocation. This will merely raise a question of what portion of the land will pass by the will, after it shall be approved, but constitutes no objection to its being approved. It is believed that no case can be found of a revocation of a will being produced by new purchases.

It is, however, insisted, that, inasmuch as this deed was from John, Jr., an heir at law, it altered the condition of the property, the heirs and legatees. The new condition of heirs or of lega-

tees is not, even at common law, ground for an implied revocation. Nothing, short of an essential change in the condition of the devisor, will effect this. It is not, however, apparent from the plea, that the condition of John Jr. or his property, was changed. Had the plea alleged that John, Jr. held one half this farm, as advancement from his father, and, after the execution of the will, surrendered it, that would have shown change; but, as it now stands, it merely shows that the testator *purchased* of his son that half of the farm, the same as from a stranger. We do not see how this purchase could be any revocation of the will, even at common law; as it is, in no way, inconsistent with the will. Indeed, when we find a man devising land which he does not own, and then proceeding immediately to purchase that same land, and leave his will unaltered, and dying seized of the same, it seems so far from a revocation, as to be taking direct measures to set up and perfect the devise, to give it full operation, and to manifest an *intention*, which is the great point to be looked to in the common law doctrine of implied revocation. It is, however, not necessary now to decide what land will pass by this devise.

Blandin &
Stebbins
v.
Sally Blandin

Judgment that the third plea is insufficient.

*Wm. C. Bradley, for the appellants.*

*R. M. Field, for the Executrix.*